# BOARD OF COM'RS OF DELAWARE COUNTY v. WILLIAMS.

No. 3551.   Opinion Filed September 9, 1913.

(135 Pac. 420.)

**COUNTIES—Officers—County Treasurer—Compensation.** A county treasurer who was inducted into office on November 16, 1907, was, by reason of sections 3024 and 3028 of Wilson's Rev. & Ann. St. 1903 (Rev. Laws 1910, secs. 3212 and 3225), and by reason of Act of the Legislature approved April 8, 1908 (Sess. Laws, 1907-08, p. 105), entitled to receive after July 1, 1908, for the remainder of his term, where the population of his county was shown by the census taken and returned by the assessors of property in June, 1908, to be more than 10,000 inhabitants, and less than 15,000 inhabitants, a salary of $1,500 per year.

(Syllabus by the Court.)

*Error from District Court, Delaware County;*
*T. L. Brown, Judge.*

Action by T. J. Williams against the Board of County Commissioners of Delaware County. Judgment for plaintiff, and defendant brings error. Affirmed.

*Ad V. Coppedge,* for plaintiff in error.
*J. G. Austin,* for defendant in error.

HAYES, C. J. This cause was tried to the court below upon an agreed statement of facts, upon which judgment for defendant in error was rendered. The facts out of which this proceeding grows are substantially as follows: Defendant in error was elected county treasurer of Delaware county at the election held on September 17, 1907, for the purpose of adopting the Constitution, and electing state and county officers. Thereafter, on November 16, 1907, he qualified and was inducted into the office of county treasurer for said county for the term beginning on that date and ending January 8, 1911.

At the time of the admission of the state, there was in force in the territory of Oklahoma section 3024, Wilson's Rev. & Ann. St. 1903 (Rev. Laws 1910, sec. 3212), which reads as follows:

"The county treasurers of the several counties of this territory shall be allowed by the board of county commissioners of their respective counties, as full compensation for their services, the following annual salary: In counties of ten thousand inhabitants or less, eight hundred dollars; in counties of not less than ten thousand nor more than fifteen thousand inhabitants, fifteen hundred dollars. * * *"

Section 3027c (Rev. Laws 1910, sec. 3215) of the same statute provides the amount that shall be allowed to the county treasurers in addition to salaries for clerk hire, which is also based upon the population of the county. Section 3028 (Rev. Laws 1910, sec. 3225) provides as follows:

"For the purpose of fixing the amount to be paid to the officers as in this act provided, the board of county commissioners shall adopt as a basis for that purpose, the number of inhabitants of their respective counties as shown by the returns of the assessors made in the year 1900, and each two years thereafter."

Another section of the statute provides for the taking of a census by the assessors who list property for assessment to be made after the 1st day of March and returned not later than June 30th every two years.

By section 18 of the Schedule to the Constitution, it is provided that:

"Until otherwise provided by law, the terms, duties, powers, qualifications, and salary and compensation of all county and township officers, not otherwise provided by the Constitution, shall be as now provided by the laws of the territory of Oklahoma for like-named officers, and the duties and compensation of the probate judge under such laws shall devolve upon and belong to the judge of the county court. * * *"

Also, by section 2 of the Schedule to the Constitution, all laws in force in the territory of Oklahoma at the time of the admission of the state, and not locally inapplicable, were extended to and kept in force in this state.

The state embraces a large section of territory that was not within Oklahoma Territory, and in which there had not theretofore existed organized counties, and no census had ever been taken under the provisions of the statute above referred to. Delaware county is one of such counties. It follows as to that county and all other new counties of the state that section 3028, *supra,* providing what census shall be looked to for determining the population for the purpose of fixing the amount to be paid to the county treasurer, was locally inapplicable, and could not be enforced in the state until a census under the statute was taken. Section 3024, *supra,* which fixes the amount of the salaries based upon the population of the counties, was inapplicable, but, standing alone, left the authorities charged with the duty of paying such salaries to adopt a method for the ascertainment of the population of their respective counties. In the month of July, 1907, a federal census of the different counties of the proposed state had been taken. Upon the admission of the state, the county commissioners of Delaware county acted upon this federal census as a basis of population of that county, and thereby fixed a schedule of salaries of the county officers. By this census Delaware county had less than 10,000 inhabitants, and defendant in error was paid at the rate of $800 per annum. The first Legislature, apparently recognizing the deficiency in the statute, on April 8, 1908, enacted a law, whereby it was provided that until the next federal census, or until the census should be taken under the laws of the state, the special census just referred to should be the official census of the state and of all counties and subdivisions thereof for all official purposes. Sess. Laws 1907-08, p. 165. In the month of June, 1908, the as-

sessors of property in Delaware county returned, as provided by the law extended in force in the state, a census taken by them of the population of that county. By this census the population of the county was shown to be greater than 10,000, but less than 15,000. The county commissioners thereafter, however, refused to pay to defendant in error salary upon any other basis than $800 per annum.

Defendant in error contends that after July 1, 1908, he was entitled to a salary based upon the population of the county as shown by the census taken by the county officers in June, 1908, and for clerk hire, based upon the population as shown by the same census. For the difference between his salary and clerk hire, based upon the population of the county as shown by the special federal census of 1907, and what such salary and clerk hire would be, based upon the census of 1908, he filed his claim with the county commissioners, which was refused, from which an appeal was taken to the district court, resulting in a judgment in his favor.

The only question presented by this proceeding is whether, in the payment of defendant in error's salary and clerk hire subsequent to July 1, 1908, until the expiration of his term, the board of county commissioners was controlled by the census of 1908, or by the special federal census of 1907. All parties agree that the board of county commissioners acted correctly in allowing the salary on the basis of the special census of 1907 until the census had been taken by the state authorities in 1908. As before stated, it is apparent that section 3028, *supra,* could not be applied in Delaware county until the census had been taken under the statute extended in force. We need not discuss what authority the board of county commissioners had with respect to ascertaining the population of the county prior to the Act of April, 1908, making the special federal census of 1907 temporarily the official census of the state, for, as just stated, the parties agree that the board of county commissioners pursued the cor-

rect· course during that time. It is ·apparent that the Legislature did not intend that the Act of April 8, 1908, should make the special federal census a permanent official census for the state, for the act begins with the expression:

"Until the next federal census, or until a census shall be taken under the laws of this state, the special census of Oklahoma * * * shall be the official census. * * *"

The Legislature must have had in mind the provision of the statute authorizing a census to be taken by the state in June, 1908, and contemplated that such a census would be taken, and it is clear from the statute that it was the legislative intent that upon the taking of such census it should thereafter be the official census of the state, and the special federal census should no longer control. The original statute contemplates that the salaries of the various county officials, including county treasurers, based upon population, shall be adjusted every two years. In the territory of Oklahoma the term of office of the county treasurer was for a period of two years; but the term of the first set of county officers under the state continued from the admission of the state until January, 1911, or for a period of a little over three years. If there had been a census taken under the territorial laws in Delaware county in 1906, then the salary of defendant in error up to the end of the first fiscal year, to wit, July 1, 1908, would have been based upon the population as shown by that census, and for the remainder of the term upon the population as shown by the census of 1908. Since the statute could not be applied to the period from the induction of defendant in error into office until July 1, 1908, the Legislature intended by the act of April, 1908, to put at rest the method by which the population of counties for the purpose of fixing the salaries during that period should be fixed, but did not intend that it should control or form the method of ascertaining the population after the state census should be taken and returned.

It is urged by plaintiff in error that this construction will have the effect to change the salary of defendant in error during his term of office. Section 10, article 23, of the Constitution provides:

"Except wherein otherwise provided in this Constitution, in no case shall the salary or emoluments of any public official be changed after his election or appointment, or during his term of office, unless by operation of law enacted prior to such election or appointment. * * *"

The foregoing provision of the Constitution, prohibiting a change of salary of an officer during his term of office, does not require that the salary of an officer shall be uniform throughout his term. It requires only that there shall be no difference in his salary during the different parts of his term, except such as result from the operation of a law enacted prior to his election or appointment. A statute enacted before an officer is elected might provide that his compensation should consist of the fees of his office. Under such statute it is entirely probable that the fees of the first year of a two-year term would greatly exceed those of the second year, or *vice versa,* yet such a difference in the salary of such respective years would not constitute a change in the salary of his office, in violation of the foregoing provision of the Constitution. So, in the instant case, the officer's salary is made to depend upon the population of his county at biennial periods, and the fact that the census at one of the periods, occurring after his term began, exceeds the population as shown by the preceding census, and thereby operated to give the officer a greater compensation for the latter period of his term than for the first period, does not constitute a change of salary by operation of any law enacted during his term, but is a difference in salary resulting from the operation of a statute enacted before his term began. The same reasoning and conclusion apply to the amount to be allowed for clerk hire.

The judgment of the trial court is affirmed.

All the Justices concur, except KANE and LOOFBOUR-ROW, JJ., not participating.