## BOARD OF COM'RS OF COAL COUNTY v. MATHEWS.

No. 21815. Opinion Filed Feb. 17, 1931.

Rehearing Denied March 10, 1931.

James R. Wood, for plaintiff in error.

T. G. Ramsey, for defendant in error.

RILEY, J. R. Kay Mathews sued Coal county for the sum of $166.66, the amount stated in his salary claim, as court clerk of Coal county for the month of June, 1930. The board of county commissioners had allowed the claim in the amount of $112.50, but rejected the balance.

The cause was tried upon an agreed statement of fact which, after reciting the official position held by plaintiff and the rejection in part of the claim filed as aforesaid, stated that the census enumeration of Coal county, as shown by the preliminary figures released by the district supervisor of the census, is not less than 11,000, and not more than 12,000 population for the 1930 census,

and "It is further agreed that the final figures have not been released by the Census Bureau at Washington."

It was also agreed that section 6384, C. O. S. 1921, was a special act applying only to Coal county, Okla., and one office in Cimarron county; "That said Act was duly advertised * * * for 30 days prior to passage and approval * * * and that a copy of said publication was before the Legislature and was considered by them in the passage of this said law."

Judgment below was for plaintiff and against Coal county. The board of county commissioners appeals.

Section 6384, C. O. S. 1921, reads:

"In all counties having a population of 5,000 or less the county treasurer shall receive as full compensation for his services as such official, a salary of $1,300 and in all counties having a population of not less than 18,400 nor greater than 18,420, according to the last federal census, the county judge, county attorney and sheriff of said counties shall each receive as compensation for his services as such official a salary of $2,500 per annum; the county treasurer of all such counties shall receive as full compensation for his services as such official a salary of $2,400, per annum; the chairman of the board of county commissioners shall receive a salary of $1,200 per annum, and the two other county commissioners shall receive a salary of $800 per annum each; the court clerk, tax assessor, county clerk and county superintendent of public instruction in all such counties shall receive as full compensation for his services as such official a salary of $2,000 per annum. Provided, this act shall in no way affect any act now in effect relating to the sheriff's mileage."

Section 2 of said act contains a repealing clause, and section 3 is a declaration of an emergency. S. L. 1921, p. 72, ch. 52 (S. B. 351), approved March 31, 1921.

Section 6384, C. O. S. 1921, is dependent within its terms upon a population of not less than 18,400 nor more than 18,420, according to the last federal census. The "last federal census" is a transient phrase. The authorized announcement of the 15th census is official even though not final. (Herndon v. Excise Board of Garfield County, 147 Okla. 126, 295 Pac. 223.) The 15th census removes the applicability of section 6384 from Coal county, for no longer is Coal county within the provisions of the act, since now its population is less than 12,000.

In Bonnett v. State ex rel. Newer, 47 Okla. 503, 150 Pac. 198, this court passed upon the meaning of the phrase "last federal census," and held the same to be prospective in its nature. In Re Cleveland's Claim, 72 Okla. 279, 180 Pac. 852, and Bishop v. City of Tulsa, 21 Okla. Cr. 457, 209 Pac. 228, the phrase "last federal census" was given a prospective application.

Now had the act been based upon a particular census, as was the case in Hatfield v. Garnett, 45 Okla. 438, 146 Pac. 24, wherein the census of 1910 was adopted, the act would not be prospective in effect, but fixed upon a particular census. The act applies only to "all counties having a population of not less than 18,400 nor greater than 18,-420," whereas Coal county, as shown by "the last federal census," is not such a county.

Section 6384, C. O. S. 1921, is abrogated by the provision therein contained as applied to Coal county.

Section 6416, C. O. S. 1921, is the applicable provision of law for the determination of defendant in error's salary. By the provisions of that section of the statute, the court clerk in any county having a population of from 7,000 to 10,000 shall receive a salary of $1,300 per annum, and in the event the population exceeds 10,000 and is less than 20,000, he shall receive for each additional 1,000 inhabitants the sum of $50 per annum. Accordingly defendant in error's salary with Coal county's population admittedly not less than 11,000 and not more than 12,000 is $112.50 per month.

It may be that judgment to the contrary was predicated upon the erroneous theory that section 10, art. 23, of the Constitution of Oklahoma inhibited all change in the emoluments of public officers after election or appointment, but it is to be noted that within the constitutional restriction is contained the phrase and exception, "unless by operation of law enacted prior to such election or appointment." As was said in the case of Board of Commissioners of Delaware County v. Williams, 38 Okla. 743, 135 Pac 420:

"So, in the instant case, the officer's salary is made to depend upon the population of his county at biennial periods, and the fact that the census at one of the periods, occurring after his term began, exceeds the population as shown by the preceding census, and therefore operated to give the officer a greater compensation for the latter period of his term than the first period, does not constitute a change of salary by operation of any law enacted during his term, but is a difference in salary resulting from the

operation of a statute enacted before his term."

Section 6360, C. O. S. 1921, provides:

"The salaries of all county officers shall be based upon the federal census of 1910, and each additional ten (10) years thereafter, or upon any census taken subsequent to 1910, by order of the board of county commissioners under and by virtue of section 415, R. L. of Okla. 1910 (4342) and under the supervision of the census bureau of the United States government. * * *"

Therefore, the salaries of all county officials in Oklahoma are subject to a change at least once in every ten years.

When defendant in error accepted his office as court clerk in January, 1929, he could with assurance say that his salary, during the term then beginning, could not be changed by any law enacted after his election, but with equal certainty he could say that, by operation of the last statute quoted, his salary, at sometime in the year 1930, might be increased or diminished, dependent upon the 15th census enumeration of Coal county.

Judgment reversed.

LESTER, C. J., and HEFNER, CULLISON, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur.

CLARK, V. C. J., not participating.