## DROLTE v. BOARD OF COUNTY COM'RS OF ELLIS COUNTY.

No. 26657. March 3, 1936.

Rehearing Denied April 21, 1936.

C. B. Leedy, for plaintiff in error.

Chas. B. Leedy and J. W. Burrow, for defendant in error.

PER CURIAM. The parties will be referred to as they appeared in the trial court. Plaintiff was elected county clerk of Ellis county and assumed office in January, 1933, and under the provisions of section 7831, O. S. 1931, drew the sum of $150 per month to and including the month of June, 1933. In September the State Board of Equalization certified to Ellis county the valuation as reduced below $9,000,000, and thereupon plaintiff was paid $112.50, within the terms of section 7870, O. S. 1931.

It is the contention of the plaintiff that the provisions of section 7831, supra, having applied when he assumed office, section 10, art. 23, of the Constitution of Oklahoma prohibits the change in his salary during his term of office.

It is the contention of defendant that upon the certification of the decreased valuation by the board of equalization in September, 1933, the provisions of section 7870, supra, became operative. These facts, together with such incidental facts as are necessary, were agreed to, and upon the trial thereof judgment was rendered by the trial court for the defendant.

This court had this same question by analogy presented to it in the following cases: Board of County Commissioners of Delaware County v. Williams, 38 Okla. 738, 135 P. 420; In re Cleveland's Claim, 72 Okla. 279, 180 P. 852; Bass v. Board of County Com'rs, 97 Okla. 94, 222 P. 995; and Board of County Com'rs of Coal County v. Mathews, 147 Okla. 296, 296 P. 481.

In Board of County Commissioners v. Williams, supra, two years after the salary fixed by the population under which plaintiff was inducted, there was a change in population, and plaintiff filed an action against the county for an increase in salary; this court said:

"It is urged by the plaintiff in error that this construction will have the effect to change the salary of defendant in error during his term of office. Section 10, article 23, of the Constitution provides: 'Except wherein otherwise provided in this Constitution, in no case shall the salary or emoluments of any public official be changed after his election or appointment, or during his term of office, unless by operation of law enacted prior to such election or appointment. * * *' The foregoing provision of the Constitution, prohibiting a change of salary of any officer during his term of office, does not require that the salary of an officer shall be uniform throughout his term. It requires only that there shall be no difference in his salary during the different parts of his term, except such as result from the operation of a law enacted prior to his election or appointment. A statute enacted before an officer is elected might provide that his compensation should consist of the fees of his office. Under such statute it is entirely probable that the fees of the first year of a two-year term would greatly exceed those of the second year, or vice versa, yet such a difference in the salary of such respective years would not constitute a change in the salary of his office, in violation of the foregoing provisions of the Constitution. So, in the instant case, the officer's salary is made to depend upon the population of his county at biennial periods, and the fact that the census at one of the periods. occurring after his term began. exceeds the population as shown by the preceding census, and thereby operated to give

the officer a greater compensation for the latter period of his term than for the first period, does not constitute a change of salary by operation of any law enacted during his term, but is a difference in salary, resulting from the operation of a statute enacted before his term began. The same reasoning and conclusion apply to the amount to be allowed for clerk hire. The judgment of the trial court is affirmed."

In re Cleveland's Claim, supra, Riley Cleveland et al. filed their claims before the board of commissioners of Okmulgee county, and the claims were allowed against the contention of the county. In that case the census of August 15, 1918, was involved, which changed the salary as provided by the general census of 1910. In that case we cited the opinion rendered in Board of County Commissioners v. Williams, supra, and allowed the claims as established by the new census. The last case to involve such a matter was by Justice Riley, in an opinion filed February 17, 1931, Board of County Commissioners v. Mathews, supra.

That was an action by R. K. Mathews for an increase in salary to $166.66 from $112.50, almost exactly the reverse of this case. The fact situation is the same as in Re Cleveland's Claim, supra, except that it involves the 1930 census and the effective date of promulgation thereof. Board of County Commissioners v. Williams, supra, is again cited and approved, the court calling particular attention to the last 19 lines of the opinion quoted above in that case.

The same principle controls here except that instead of the population being the effective matter which changed the salary in this case, it was the decreased valuation of the assessed property of the county.

The judgment of the trial court is affirmed.

McNEILL, C. J., and BAYLESS, WELCH, CORN, and GIBSON, JJ., concur.