PUBLIC OFFICIAL — SALARY CHANGE Senate Bill 7, Second Session, Thirty-fourth Oklahoma Legislature (1974), now codified as 19 O.S. 180.62 [19-180.62], 74 O.S. 180.63 [74-180.63], 74 O.S. 180.64 [74-180.64](A) and 19 O.S. 180.70 [19-180.70] (1974), does not operate to give a salary increase to county officers elected or appointed to any county office prior to April 19, 1974. A county officer elected or appointed subsequent to April 19, 1974, is entitled to the increased salaries set forth in Senate Bill 7 from and after his election or appointment. Deputies of officers elected or appointed subsequent to the effective date of Senate Bill 7 are entitled to receive the salary increases under the formula set forth in 19 O.S. 180.65 [19-180.65] (1971), though such increases to deputies are not mandatory. Section 4 of Senate Bill 7 is cumulative to 19 O.S. 180.47 [19-180.47] (1971). Deputies are not eligible to receive reimbursement for travel expense to instructional type meetings. Officers and deputies are entitled to receive ten cents per mile plus other necessary actual expenses for travel in connection with the performance of their official duties, said Section 4 having no effect upon such reimbursements. The Attorney General has had under consideration your request for an opinion wherein you ask, in effect, the following questions: 1. In view of the provision set forth in Article XXIII, Section 10, Oklahoma Constitution, "that in no case shall the salary or emoluments of any public official be changed after his election or appointment", is Senate Bill 7 of the Second Session of the Thirty-fourth Legislature in force and effect as to county officers elected or appointed to any county office prior to April 19, 1974, the date of approval by the Governor of said Bill? 2. Will a county officer elected or appointed subsequent to April 19, 1974, be entitled to the increased salaries set forth in Senate Bill 7, from and after his election or appointment? 3. If Question 2 is answered in the affirmative, would the deputies of such officer be entitled to a salary increase under the formula set forth in 19 O.S. 180.65 [19-180.65] (1971)? 4. Does Section 4 of Senate Bill 7, which fixes the per diem and reimbursement for expenses for official travel by county officers, supersede, alter, amend or modify 19 O.S. 180.47 [19-180.47] (1971), or is it cumulative to said section? 5. Is Section 4 of said Act relating to per diem and reimbursement for travel expense applicable to deputies of county officers in attendance upon instructional types of meetings. 6. If it is determined that Section 4 is cumulative to 19 O.S. 180.47 [19-180.47] (1971), are county officers and their deputies authorized to be paid per diem and reimbursement for travel expenses after the amounts set forth in Section 4 have been used? Senate Bill 7, Second Session, Thirty-fourth Oklahoma Legislature (1974), to which your inquiries refer, is an act relating to counties and county officers and amends certain sections of the general County Officers Salary Act, and is now codified as 19 O.S. 180.62 [19-180.62] (1974), 19 O.S. 180.63 [19-180.63], 19 O.S. 180.64A [19-180.64A] [19-180.64A] and 19 O.S. 180.70 [19-180.70]. The new act provides, among other things, for increases in salaries of county officers. Regarding your first question, you ask whether the provisions of Senate Bill 7 operate to provide salary increases to county officers elected or appointed to any county office prior to April 19, 1974, the effective date of the Bill. Article XXIII, Section 10, Oklahoma Constitution, provides in pertinent part: "Except wherein otherwise provided in this Constitution, in no case shall the salary or emoluments of any public official be changed after his election or appointment, or during his term of office, unless by operation of law enacted prior to such election or appointment; . . . " Several Oklahoma cases, in addition to Attorney General Opinion No. 66-294, have heretofore interpreted the above constitutional provision in relation to salary increases of county officers who were in office prior to the effective date of the act. In light of the consistent holding of these authorities it is clear that Senate Bill 7 is inoperative as to any county officer who was in office prior to April 19, 1974, unless and until said officer begins a new term subsequent to said date. Barton v. Derryberry, 500 P.2d 281 (Okla. 1972); Drolte v. Board of County Commissioners of Ellis County, 56 P.2d 800 (Okla. 1936); Bass v. Board of Commissioners of Lincoln County, 222 P. 995 (Okla. 1924); Attorney General Opinion No. 65-294. It is likewise clear that a county officer elected or appointed subsequent to April 19, 1974, is entitled to the increased salaries set forth in Senate Bill 7 from and after his election or appointment. Carter v. State ex rel Taylor, 186 P. 464
(Okla. 1919); Attorney General Opinion No. 65-294. Carter v. Taylor held this to be so even where the raise is given by an act passed during the term of the predecessor. Regarding your third question, deputies of an officer elected or appointed subsequent to April 19, 1974, would be entitled to the salary increase under the formula set forth in 19 O.S. 180.65 [19-180.65] (1971) inasmuch as a deputy appointed by an officer to hold during the pleasure of the officer's term, does not himself hold for a term within the meaning of Section 10, Article XXIII. Board of Commissioners of Muskogee County v. Hart, 119 P. 132
(Okla. 1911). It should be noted, however, that increases for deputies are not mandatory. Section 180.65 states that the salary of a deputy is "not to exceed" a percentage of the officer's salary and thus makes such salaries discretionary. Your next question refers to Section 4 of Senate Bill 7 and to 19 O.S. 180.47 [19-180.47] (1971). You ask if Section 4 is cumulative to Section 180.47. Section 180.47 concerns reimbursement for travel necessary in official duties, whereas Section 4 of Senate Bill 7 covers cost of travel to four instructional meetings per year at twelve cents per mile. Official duty travel is set by Section 180.47 at a reimbursement rate of ten cents per mile. We are informed that instructional meetings are those called by various State officers to bring together county officers for instructional purposes necessary to the implementation of the duties of county officers. The two types of travel are thus distinguished. Because Section 4 of Senate Bill 7 makes no mention of official duty travel, we feel that Section 4 is cumulative to Section 180.47 and does not supersede, alter, amend or modify Section 180.47. In response to your fifth question, deputies are not eligible to receive reimbursement for travel expense upon attendance at instructional types of meetings. This is so because Section 4 of Senate Bill 7 provides for reimbursement for the attendance of "county officers" at instructional meetings. Deputies are not county officers as defined in 19 O.S. 180.61 [19-180.61] (1971). See also 19 O.S. 180.47 [19-180.47] (1971), 19 O.S. 180.58 [19-180.58] and 19 O.S. 180.65 [19-180.65] (1971). In response to your fifth question, deputies are not eligible to receive Senate Bill 7 to be cumulative to 19 O.S. 180.47 [19-180.47] (1971), Section 4 therefore, has no effect upon the reimbursement provisions of Section 180.47 for official travel. Therefore, officers and deputies are still eligible to receive ten cents per mile for their travel in connection with the performance of their official duties. It is, therefore, the opinion of the Attorney General that your first question be answered in the negative in that Senate Bill 7 does not operate to give a salary increase to county officers elected or appointed to any county office prior to April 19, 1974. I is further the opinion of the Attorney General that your second question be answered in the affirmative in that a county officer elected or appointed subsequent to April 19, 1974, is entitled to the increased salaries set forth in Senate Bill 7 from and after his election or appointment. It is further the opinion of the Attorney General that your third question be answered in the affirmative in that the deputies of those officers covered in our answer to question number 2 are entitled to receive the salary increases under the formula set forth in 19 O.S. 180.65 [19-180.65] (1971), though such increases to deputies are not mandatory. In response to your fourth question, it is further the opinion of the Attorney General that Section 4 of Senate Bill 7 is cumulative to 19 O.S. 180.47 [19-180.47] (1971). It is further the opinion of the Attorney General that your fifth question be answered in the negative in that deputies are not eligible to receive reimbursement for travel expense to instructional type meetings. It is further the opinion of the Attorney General that your sixth question be answered in the affirmative in that officers and deputies are entitled to receive ten cents per mile plus other necessary actual expenses for travel in connection with the performance of their official duties, said Section 4 having no effect upon such reimbursements. (Allen K. Harris) ** SEE: OPINION NO. 74-227 (1974) **