CHANGE OF SALARY — COUNTY OFFICERS Salaries for county officials may be computed on the new valuation in accordance with 19 O.S. 180.63 [19-180.63] and 19 O.S. 180.64A [19-180.64A] as of the effective date of the new increased valuation using the formula set out in said statutes for those counties where the County Assessor has certified to such an increase as provided in 19 O.S. 180.59 [19-180.59] (1971). The Attorney General has had under consideration your request for an opinion wherein you ask in effect the following question: "In view of the provisions set forth in Article XXIII, Section 10, Oklahoma Constitution "that in no case shall the salary or emoluments of any public official be changed after his election or appointment", and in view of the increase in net valuation of all tangible taxable property as defined in 19 O.S. 180.58 [19-180.58] and 19 O.S. 180.59 [19-180.59] [19-180.59], are county officers elected or appointed prior to the effective date of the increase in valuation entitled to the increase in salary which such new valuation would give them pursuant to 19 O.S. 180.63 [19-180.63] and 19 O.S. 180.64A [19-180.64A] (1973)? Article XXIII, Section 10, Oklahoma Constitution, provides in pertinent part: "Except wherein otherwise provided in this Constitution, in no case shall the salary or emoluments of any public official be changed after his election or appointment or during his term of office, unless by operation of the law enacted prior to such election or appointment; . . ." (Emphasis supplied) It is the general rule that a legislative enactment providing for salary increases for public officials who were in office prior to the effective date of the act is inoperative as to said officials unless and until said officials begin new terms of office subsequent to said date. Barton v. Derryberry, 500 P.2d 281 (Okl., 1972); Bass v. Board of Commissioners of Lincoln County,222 P. 995 (Okl., 1924); Attorney General Opinion No. 74-180; Attorney General Opinion No. 65-294. Your question, however, relates to officials who were either elected or appointed subsequent to the salary legislation under which they operate; specifically, 19 O.S. 180.63 [19-180.63] and 19 O.S. 180.64A [19-180.64A] (1971), effective March 31, 1972. We must, therefore, resort to the underscored language of the quoted Constitutional provision, "unless by operation of law enacted prior to such election or appointment . . ." This particular language of Article XXIII, Section 10, Oklahoma Constitution, was construed in Drolte v. Board of County Commissioners of Ellis County, 56 P.2d 800 (Okl., 1936), wherein the Court said: "So, in the instant case, the officers' salary is made to depend upon the population of his county at biennial periods, and the fact that the census at one of the periods, occurring after his term began, exceeds the population as shown by the preceding census, and thereby operated to give the officer a greater compensation for the latter period of his term than for the first period, does not constitute a change of salary by operation of any law enacted during his term, but is a difference in salary, resulting from the operation of a statute enacted before his term began." 56 P.2d 800 at page 801 quoting from Board of Commissioners of Delaware County v. Williams, 135 P. 420 at page 422. Therefore, the change in salaries based upon the new valuation, in accordance with 19 O.S. 180.63 [19-180.63] and 180.64A is a permissible salary increase resulting from the operation of a law enacted prior to the election or appointment of a public official and is not violative of Article XXIII, Section 10, Oklahoma Constitution. It is, therefore, the opinion of the Attorney General that your question be answered in the affirmative and that salaries for county officials may be computed on the new valuation in accordance with 19 O.S. 180.63 [19-180.63] and 180.64A as of the effective date of the new increased valuation using the formula set out in said statutes for those counties where the County Assessor has certified to such an increase as provided in 19 O.S. 180.59 [19-180.59] (1971). (Allen K. Harris)