OPINION — AG — **** SALARY RAISES FOR COUNTY OFFICIALS — EFFECTIVE DATE **** ARTICLE XXIII, SECTION 10 OF THE OKLAHOMA CONSTITUTION PROHIBITS THE APPLICATION OF SENATE BILL NO. 182 AND 183, SECOND SESSION, THIRTY THIRD LEGISLATURE, 1972, TO THE SALARIES OF PERSONS OCCUPYING DESIGNATED COUNTY OFFICES ON THE EFFECTIVE DATES OF THE ENACTMENTS. UNLESS AN EARLIER VACANCY OCCURS IN ONE OF THE DESIGNATED COUNTY OFFICES, THESE BILLS WILL TAKE OPERATIVE EFFECT IN JANUARY, 1973. CITE: 19 O.S. 1971 180.64 [19-180.64](A), 19 O.S. 1972 Supp., 180.63 [19-180.63], 19 O.S. 1971 180.62 [19-180.62] (MIKE D. MARTIN)
OPINION — AG — **** SALARY RAISES FOR COUNTY OFFICIALS — EFFECTIVE DATE **** ARTICLE XXIII, SECTION 10 OF THE OKLAHOMA CONSTITUTION PROHIBITS THE APPLICATION OF SENATE BILL NO. 182 AND 183, SECOND SESSION, THIRTY THIRD LEGISLATURE, 1972, TO THE SALARIES OF PERSONS OCCUPYING DESIGNATED COUNTY OFFICES ON THE EFFECTIVE DATES OF THE ENACTMENTS. UNLESS AN EARLIER VACANCY OCCURS IN ONE OF THE DESIGNATED COUNTY OFFICES, THESE BILLS WILL TAKE OPERATIVE EFFECT IN JANUARY, 1973. CITE: 19 O.S. 1972 Supp., 180.63 [19-180.63], OPINION NO. 72-209 (MIKE D. MARTIN)
** Summary **
SALARY RAISES FOR COUNTY OFFICIALS — EFFECTIVE DATE Article XXIII, Section 10, of the Oklahoma Constitution prohibits the application of Senate Bills No. 182 and 183, Second Session, Thirty third Legislature, 1972, to the salaries of persons occupying designated county offices on the effective dates of the enactments. Unless an earlier vacancy occurs in one of the designated county offices, these Bills will take operative effect in January, 1973. The Attorney General has received your request for an opinion wherein you reference Senate Bill No. 182, Second Session, Thirty-third Legislature, 1972, and raise the following question: "It is respectfully requested that the Attorney General give an opinion to this office regarding the effective date of the above described Senate Bill. "An emergency was attached to the bill and it became law on March 30, 1972. "There is some question as to the effective date of this Act because of the constitutional provision, Article XXIII, Section 10, of the Oklahoma Constitution, which provides generally that no salary or emoluments of any public official shall be changed during his term of office. "In the light of the foregoing, we would appreciate your opinion as to the manner in which the salaries of elected County Officials and their deputies are computed, as of this date." The Senate Bill which is the subject of your question amends 19 O.S. 180.63 [19-180.63] (1972), which relates to salaries of county officers. Section 180.63 previously provided that certain county officers' salaries could be increased from the basic salary according to a formula based partly on net valuation and partly on population or "service load." The 1972 amendment increased the amount of the increase allowed by the net valuation portion of the formula from Forty Dollars ($40.00) per each One Million Dollars ($1,000,000.00) of net valuation to Fifty Dollars ($50.00) per each million of net valuation. The 1972 amendment to Section 180.63 contained a standard severability clause and an emergency clause. Although your question refers only to the foregoing language, it is important to consider Senate Bill No. 183, Second Session, Thirty-third Legislature, enacted April 7, 1972, in the same context. That Act amends 19 O.S. 180.64A [19-180.64A] (1971), enacted March 5, 1969, and increases the salaries of designated county officers from the sums set forth in the prior legislation. It is to be noted that Senate Bill No. 183 expressly designates sums which are said to be "in addition to any or all other statutory salary provisions for county officers." Senate Bill No. 183 purports to directly and immediately increase the minimum amounts of salary payable to enumerated county officers. This increase is separate and apart from the increase which results from the operation of Senate Bill No. 182 above. Senate Bill No. 182 altered the "basic salary plus formula increases from basic salary" provisions found in 19 O.S. 180.62 [19-180.62] and 19 O.S. 180.63 [19-180.63]. Section 19 O.S. 180.64A [19-180.64A] of Title 19, amended by Senate Bill No. 183, provides that county officers must receive a stated minimum salary even if the "basic salary plus formula increase" provisions found in Sections 180.62 and 180.63 would produce a lesser amount of salary. The validity as to current effect of these amendments depends on a construction of the Oklahoma Constitution, which in Section 10 of Article 23 provides in part that: "Except wherein otherwise provided in this Constitution, in no case shall the salary or emoluments of any public official be changed after his election or appointment, or during his term of office, unless by operation of law enacted prior to such election or appointment. . . ." Any immediate application of the benefits of Senate Bills 182 and 183 would violate Section 10 of Article 23 unless such benefits fall within the exception. Both amendments were passed with an emergency clause, and both purport to directly increase the salaries of county officials during the terms of their office, in direct contravention of the quoted constitutional provision. It is asserted as to the amendment by Senate Bill No. 182 of 19 O.S. 180.63 [19-180.63] that there is no change in "basic salaries" as set out in 19 O.S. 180.62 [19-180.62], but only a "change in the value of units of valuation" under Section 19 O.S. 180.63 [19-180.63]. This argument ignores the fact that Section 19 O.S. 180.63 [19-180.63] deals solely with "increases to basic salaries" based on valuation and population. Any increase in the value of a unit of valuation under Section 180.63 is a salary increase. Neither this increase nor the increase in "minimum salaries" of county officers found in 19 O.S. 180.64A [19-180.64A] may take effect until the end of the current terms of present officeholders under Oklahoma Constitution, Article XXIII, Section 10. Salary increases which result from "operation of law enacted prior to such election or appointment" of an officeholder are excepted from the prohibition against changing officers' salaries during their terms of office. The following authorities reveal that this exception to the otherwise absolute language of Section 10 of Article 23 cannot apply to the current attempted salary increase. In Board of Commissioners of Coal County v. Mathews,147 Okl. 296, 296 P. 481 (1931), the salary of a court clerk was reduced as the result of a decline in population where the statute authorizing the original compensation set out varying salaries based on county population. There had been no statutory change after the election of the officer in question. The Supreme Court of Oklahoma held that the reduction in salary did not violate Article XXIII, Section 10. In so holding the Court stated: "It may be that judgment to the contrary was predicated upon the erroneous theory that Section 10, Article XXIII, of the Constitution of Oklahoma, inhibited all change in the emoluments of public officers after election or appointments, but it is to be noted that within the constitutional restriction is contained the phrase an exception 'unless by operation of law enacted prior to such election or appointment. ' As was said in the case of Board of Commissioners of Delaware County v. Williams,38 Okl. 743, 135 P. 420, 422: " 'So, in the instant case, the officer's salary is made to depend upon the population of his county at biannual periods, and the fact that the census at one of the periods, occurring after his term began, exceeds the population as shown by the preceding census, and thereby operated to give the officer a greater compensation for the latter period of his term than for the first period, does not constitute a change of salary by operation of any law enacted during his term, but is a difference in salary, resulting from the operation of a statute enacted before his term.' " (Emphasis added) Bass v. Board of Commissioners of Lincoln County, 97 Okl. 94,222 P. 995 (1924), reached a similar conclusion. That case dealt with the salary claims of a plaintiff who had been elected to the office of County Superintendent of Public Instruction. The statutory salary for that position at the time of his election was $1,600 per annum. After the election but prior to the plaintiff's assumption of office, a statute was enacted which provided that the annual salary for that position should be "the same as the County Clerk in the same county. " The application of this provision to the plaintiff would have resulted in a significant salary increase. The Court held, however, that the plaintiff's salary could not be computed on the basis of the subsequent enactment, stating at 222 P. 996 that: ". . . If a greater salary results by a census showing a greater population in the county as calculated by a certain number of dollars per thousand population as fixed by legislative act prior to the officer's election or appointment, the increased salary results by operation of law enacted prior to such election or appointment and is within the provisions of Section 10, Article XXIII of our Constitution, even though the census is taken after his election or during the term of office. "The plaintiff in this case is seeking to claim the benefit of a legislative act passed after his election, increasing the basis for calculating his salary on the population of the county. The plaintiff cannot claim the benefits of the legislative act of 1919 changing the basis for computation according to the population of the county, as it could not be said that the salary was the result of a legislative enactment prior to his election." (Emphasis added) In Board of County Commissioners of Tulsa County v. Stokes,207 Okl. 37, 247 P.2d 526 (1952), plaintiff was elected to a two year term as County Clerk in November, 1948. He assumed the duties of office on January 3, 1949, and his term was due to expire in January, 1951. The statute governing plaintiff's salary in effect at the time of his election provided that compensation of county officers shall be based in part upon the population of the respective counties as shown by the 1940 Federal Census and any succeeding decennial census. Based upon the 1940 Federal Census plaintiff was entitled to an annual salary of $4,000. Conceding that this figure represented his appropriate compensation at the time he assumed office, plaintiff contended that the 1950 census reflected that his county had undergone a population increase which, under a statute in force at the time of his election, was sufficient to entitle the County Clerk to a salary of $6,000 per annum. The Court held that plaintiff was entitled to the larger salary for the balance of his term: "Numerous questions are raised by appellant, but the matter of paramount importance here is to ascertain what compensation was fixed or prescribed by law when the term of office of the appellee commenced. "We are committed to the rule that an increase (or decrease) in salary brought about solely because of a change in the population or assessed valuation does not violate any constitutional inhibitions. See Oklahoma cases in annotation, 139 A.L.R. 742." This language, however, should be viewed in the context of the following caveat: "We think the salary rights of Stokes who was elected County Clerk in 1948 for a two year term beginning January 3, 1949, are determined by 1947 Laws in effect at the time of his election, so as to render salary changes effected by 1949 Laws inapplicable in determining such rights. . ." "Appellee claims increased salary only from July 1, 1950 the effective date of 1950 decennial Federal Census which showed the population of Tulsa County to be in excess of 200,000, until the expiration of his term, under the provisions of Section 19 O.S. 180.42 [19-180.42](b), Title 19 O.S. Supp. 1947, supra. This statute made no reference to any decennial Federal Census, but was applicable to all counties having a population in excess of 200,000; and provided that county clerks in all such counties shall be paid $6,000 per year, payable monthly. . . ." (Emphasis added) These and other cases treating Article XXIII, Section 10, of the Oklahoma Constitution consistently construe its language as containing a general prohibition against legislation which changes the salary or emoluments of a public official subsequent to his election or appointment. The underlying legislative intent is to protect the performance of official duties of an office from improper influence. Phelps v. Childers, 184 Okl. 421,89 P.2d 782 (1939). The provision designedly operates both to negate threats of retaliatory salary reductions, and to prevent politically inspired salary increases for public officials. The cases cited above are more fully discussed in Attorney General's Opinion No. 72-209, which concluded that a statute indirectly increasing the salaries of district attorneys could not take effect during the current terms of incumbents affected. Senate Bill No. 182, Second Session, Thirty-third Legislature, 1972, specifies that the salaries of the designated county officers "may be increased from the applicable basic salary" set forth in 19 O.S. 180.62 [19-180.62] (1971). The constitutional language of Article XXIII, Section 10, however, makes no distinction between changes in "basic salaries" and changes resultant from legislatively altered "units of valuation. " It simply states that "in no case" shall the salary of a public official be changed. The question contemplates a change in the manner of computing the salaries of elected county officials as a result of the 1972 legislation. The altered method of computing salaries would have its roots in the newly enacted legislation and not the "basic salaries" named in Section 19 O.S. 180.62 [19-180.62]. Consequently, the salary changes which would result from the application of the amended net valuation scale set forth in Senate Bill No. 182, Second Session, Thirty-third Legislature, 1972, cannot be dated from the previously existing legislation. Therefore, it is the opinion of the Attorney General that the Oklahoma Constitution, Article XXIII, Section 10, prohibits the application of Senate Bills No. 182 and 183, Second Session, Thirty-third Legislature, 1972, to the salaries of persons occupying the designated county offices on the effective dates of the respective amendments. Unless an earlier vacancy occurs or has occurred in one of the designated county offices, these Bills will take operative effect in January, 1973, when new terms of office begin. (Mike D. Martin)