## BASS v. BOARD of COM'RS of LINCOLN COUNTY.

No. 12648—Opinion Filed Jan. 22, 1924.

**1. Officers—Change of Salary During Term —Constitutional Provision.**

The salary or emoluments of any public official cannot be changed after his election or appointment or during his term of office, unless the Constitution excepts the particular officer from the provision of section 10, of article 23.

**2. Same—County Superintendent.**

The Constitution does not except the county superintendent of public instruction from the provision of section 10, of article 23.

**3. Same—Act Effective After Election of Officer.**

Section 19 of article 2, chapter 219, Session Laws of 1913, fixed the salary of a county superintendent of public instruction in a county having a population of over 30,000 and not more than 40,000 inhabitants, at $1,600 per annum. Section 1, page 62, Session Laws of 1919, amended the 1913 salary act of the county superintendent so as to fix the salary of such officer to be the same as the county clerk of the same county. The amendatory act became effective on June 27, 1919, between the date of the plaintiff's election and the time for the commencement of the term of office, on the first Monday in July, 1919. The two acts fix different ratios in population and amount for computing the salary of the officer. Held. that the plaintiff comes within the prohibition of section 10, article 23, and is not entitled to compensation fixed by the legislative act becoming effective June 27, 1919, for the term of office commencing on the first Monday in July, 1919.

(Syllabus by Stephenson, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Lincoln County: Hal Johnson, Judge.

Action by O. W. Bass, as County Superintendent, against the Board of County Commissioners of Lincoln County for salary as provided by the legislative act of 1919. Judgment for defendants. Plaintiff brings error. Affirmed.

Erwin & Erwin, for plaintiff in error.

Walter G. Wilson, Co. Atty., for defendant in error.

Opinion by STEPHENSON, C. O. W. Bass was elected at the regular election in November, 1918, as county superintendent of public instruction of Lincoln county, for the succeeding term of office, commencing the following first Monday in July, 1919. At the time the plaintiff was elected to the office, section 19, article c, chapter 219, Session Laws of 1913, in relation to the salary for the office, was in the following language:

"Section 19. The county superintendent of public instruction shall receive an annual salary, to be paid monthly out of the county treasury by order of the county commissioners, as follows: In counties having a population of not over 18,000, $1,200; in counties having a population of over 18,000 and not over 30,000, $1,400; in counties having a population of over 30,000 and not over 40,000, $1,600; in counties having a population of over 40,000, $1,800."

By the terms of the statute, in counties having a population of over 30,000 and not over 40,000, the officer in question was entitled to a salary of $1,600 per annum. The Legislature of 1919 enacted a provision relating to the salary of plaintiff, known as

section 10333, Comp. Stat. 1921, in the following language;

"Salaries of County Superintendents. The county superintendent of public instruction in each and every county in the state shall receive an annual salary the same as that of the county clerk in the same county. Said salary shall be paid monthly out of the county treasury, by order of the county commissioners; provided county superintendents shall receive no fees for holding county examinations and for visiting schools; and provided, further, that in no instance shall the salary of a county superintendent be less than he now receives."

The statutory provision fixing the compensation for the county clerk in effect at the time of the passage of the preceding section of statute, is known as section 6416, Comp. Stat. 1921, in the following language;

"6416, Salaries, Regulations. The clerk of the district court, the clerk of the superior court, the county clerk, the county treasurer, and the register of deeds shall receive as their full compensation the following salaries: In counties having a population of not to exceed 7,000, the district clerk and register of deeds per annum, $1,000, the county clerk and clerk of the county court per. annum, $1,000, the treasurer, per annum, $900.

"In counties having a population in excess of 7,000 and not to exceed 10,000 the sum of $1,300 per annum. In addition to the foregoing he shall receive the sum of $50 for each additional 1,000 inhabitants up to 20,-000 inhabitants. In addition to the foregoing in counties in excess of 20,000 and not exceeding 30,000, the sum of $25 for each additional 1,000. In addition to the foregoing in counties having a population in excess of 30,000 and not to exceed 40,000 the sum of $15 for each additional 1,000."

The foregoing statutory provision must be construed with section 10. article 23, of our Constitution in the following language:

"Sec. 10: Cannot be Changed Except. Except wherein otherwise provided in this Constitution, in no case shall the salary or emoluments of any public official be changed after election or appointment, or during his term of office, unless by operation of law enacted prior to such election or appointment: nor shall the term of any public official be extended beyond the period for which he was elected or appointed: Provided, that all officers within this state shall continue to perform the duties of their offices until their successors shall be duly qualified."

The section of Constitution quoted prohibits the following conditions: (1) The salary or emoluments of any public official shall not be changed after his election or appointment: (2) nor during his term of office unless by operation of law enacted prior to such election or appointment. The plaintiff is claiming an increase in salary resulting from the passage of a legislative act subsequent to his election to the office, but prior to his entering into the performance of the duties of the office. The provisions of section 10, article 23, supra, prohibit the plaintiff from claiming the salary fixed by the 1919 legislative act. The salary the plaintiff was entitled to receive was that fixed by the act of the Legislature of 1913, and which was in effect at the time the plaintiff was elected to the office. The census of 1920 was taken as of the 15th day of April, 1920, and showed a population of 33,406 for Lincoln county, and the plaintiff claims this situation brings him within the rules applied in the cases of Harper v. Board of County Commissioners, 54 Okla. 545, 149 Pac. 1102; and Board of County Commissioners v. Williams, 38 Okla. 738, 135 Pac. 420.

In the cases cited an increase in the number of dollars per thousand population as based on the population of the county as disclosed by a census was not involved. The increase claim for salary in this case results from a greater population in the county as shown by a census taken after the election of the claimant to the office or his taking the office, calculated at an increased number of dollars per thousand population as fixed by a Legislative act after his election to office. If a greater salary results by a census showing a greater population in the county as calculated by a certain number of dollars per thousand population as fixed by a legislative act prior to the officer's election or appointment, the increased salary results by operation of law enacted prior to such election or appointment and is within the provisions of section 10, article 23, of our Constitution even though the census is taken after his election or during the term of office.

The plaintiff in this case is seeking to claim the benefit of a legislative act passed after his election, increasing the basis for calculating his salary on the population of the county. The plaintiff cannot claim the benefits of the legislative act of 1919 changing the basis for computation according to the population of the county, as it could not be said that the salary was the result of a legislative enactment prior to his election. We are of the opinion that the 1913 Session Laws fixed the salary for the plaintiff during his term of office commencing on the first Monday in July, 1919.

Therefore we recommend that the judgment be affirmed.

By the Court: It is so ordered.