**L. Jack BARTON et al., Plaintiffs,**

v.

**Larry DERRYBERRY, Attorney General of the State of Oklahoma, Defendant.**

**No. 45858.**

Supreme Court of Oklahoma.

Aug. 1, 1972.

L. Jack Barton, Don E. Wood, Jack E. McGahey, Bill Hall, Pawhuska, Austin O. Webb, Donald R. Roberts, Stigler, and Lewis F. Grayson, for plaintiffs.

Larry Derryberry, Atty. Gen., and Charles L. Pain, Asst. Atty. Gen., for defendant.

JACKSON, Justice.

The plaintiffs are district attorneys in districts having populations of less than 50,000. They contend they are entitled to a salary raise and that the Attorney General has refused to approve it. This original action seeks a writ of mandamus requiring the Attorney General to approve their salary increase. Original jurisdiction is assumed because the question is publici juris, but we deny the writ.

In 1970 the Legislature adopted a salary schedule for district attorneys which was approved and by its provisions became effective on April 27, 1970. 19 O.S.Supp. 1970, § 215.14. For district attorney districts having a population of less than 50,000 population said Section 215.14 provided in pertinent part:

"Each District Attorney shall receive an annual salary in an amount equal to the highest paid associate district judge of his district * * *."

Section 215.14 was amended by an act approved June 25, 1971, which became operative July 1, 1971, and the pertinent language above quoted was re-enacted thereby. 19 O.S.1971, § 215.14.

Subsequent to April 27, 1970, the plaintiffs were elected as district attorneys and assumed their offices on January 4, 1971. After plaintiffs had assumed the duties of their offices the Legislature increased the salary of Associate District Judges in counties having a population in excess of 10,000, effective July 1, 1971. 74 O.S.1971,

§ 295. Each of the plaintiffs' district attorney districts contain at least one county having a population in excess of 10,000. Plaintiffs say they are entitled to the salary increase and contend that their salaries must be equal to the highest paid Associate District Judge of their respective districts.

The Attorney General has refused to approve claims for the salary raise for these district attorneys because of the provisions of Article 23, § 10, of the Oklahoma Constitution which provides in pertinent part:

"Except wherein otherwise provided in this Constitution, in no case shall the salary or emoluments of any public official be changed after his election or appointment, or during his term of office, *unless by operation of law enacted prior to such election or appointment * * *.*" (emphasis supplied)

Before we proceed to determine the effect of the phrase "unless by operation of law enacted prior to such election or appointment," we invite attention to Article 7, § 11(a), Oklahoma Constitution, which provides an exception so that the salaries of Associate District Judges may be increased during their terms of office. No exception is provided in the Constitution for district attorneys.

■ We have held that the "unless" phrase referred to above permits a difference in a public officer's salary during his term resulting from the operation of a statute enacted before his election. Thus the salary of an officer may be increased after his election or during his term of office where the law which operates to increase the salary was enacted prior to his election. The typical case is where a salary is based upon the county population according to the official census and the salary may change during his term as a result of the change of population as reflected by a new official census. Board of Com'rs of Delaware County v. Williams, 38 Okl. 738, 135 P. 420; Board of Com'rs of Coal County v. Mathews, 147 Okl. 296, 296 P. 481. These and other Oklahoma decisions

are cited and discussed in the annotation at 139 A.L.R. 737.

The case more nearly in point with the instant case is Bass v. Board of Com'rs of Lincoln County, 97 Okl. 94, 222 P. 995. At the time of Bass' election as county superintendent his salary was based upon population. After his election a statute was enacted which increased his salary so that he would receive an annual salary "the same as that of the County Clerk in the same county." We held that, because of Art. 23, § 10, Const., Bass could not, during that term of office, draw a salary equal to that of the County Clerk even though the County Clerk's statute was enacted prior to Bass' election. Bass was entitled to the salary fixed by the statutes in effect at the time he was elected and none other.

■ At the time plaintiffs were elected to office in 1970 the salaries of the highest paid Associate District Judges in their respective districts was $14,500 per year. Plaintiffs' entitlement to equivalent salaries must, under Art. 23, § 10, Const., be based upon the law enacted April 27, 1970, which was prior to their election and assumption of office. The statutes enacted in June 1971 and effective on July 1, 1971, which raised the salaries of Associate District Judges and which provided equal salaries for district attorneys are not laws enacted and operative prior to the election of plaintiffs to office.

In cases relied upon by plaintiffs the salaries of public officials were based upon population. That is, their salaries were legislatively determined prior to their election to office, so that an increase in population, as reflected by a subsequent official census, would indicate a salary raise. This is true, not because of the population increase during the term, but, because of the statute enacted prior to election to office.

In the instant case plaintiffs say they are relying upon a statute enacted in 1970, prior to their election to office. But if there is to be a salary raise for them they must have the benefit of the statute enacted in 1971, after their election to office, in order to activate a salary increase. This may not be done under Art. 23, § 10, Okl. Const., supra.

Original jurisdiction assumed; writ denied.

DAVISON, V. C. J., and WILLIAMS, IRWIN, HODGES, LAVENDER and McINERNEY, JJ., concur.