CHANGE IN SALARY OF PUBLIC OFFICIAL — PARDON AND PAROLE BOARD Article XXIII, Section 10, of the Oklahoma Constitution provides that the salary of any public official may not be changed during his term in office unless otherwise provided. The Pardon and Parole Board is limited to a maximum combined salary of Twenty Thousand Dollars ($20,000.00) for the employment of two professional interviewers. The Attorney General is in receipt of your opinion request wherein you ask, in effect, the following questions: 1. Is the increase in salary as provided in Senate Bill 62, First Session, Thirty-fourth Legislature, passed May 16, 1973, to take effect as of the date of passage? 2. Whether the Pardon and Parole Board is limited to Twenty Thousand Dollars ($20,000) for the employment of professional interviewers, or would the Board have the right to use any unused funds from the Pardon and Parole Board budget to supplement the Twenty Thousand Dollar ($20,000) appropriation by the Legislature? Section 3 of Senate Bill 62, First Session, Thirty-fourth Legislature, passed May 16, 1973, states in pertinent part: "57 O.S. 332.4 [57-332.4] (1971), is amended to read as follows: "332.4 The Chairman of the Pardon and Parole Board shall be selected by said Board and shall receive a salary of Two Thousand One Hundred Dollars ($2,100.00) per year, payable monthly out of the State Treasury. The other members of said Board shall receive One Thousand Five Hundred Dollars ($1,500.00) per annum, payable monthly; . . ." Section 7 of Senate Bill 62 declares said bill an emergency and to take effect immediately after its passage and approval. Article V, Section 58, of the Oklahoma Constitution, sets forth the applicable provisions for emergency measures. Section 58 states in part: "No act shall take effect until ninety (90) days after the adjournment of the session at which it was passed except enactments for carrying into effect provisions relating to the initiative and referendum, or a general appropriation bill, unless in case of emergency, to be expressed in the act, the Legislature, by a vote of two-thirds of all members elected to each house, so directs. . . ." The long standing, consistently applied interpretation of the above quoted section is contained in Leatherock v. Lawter,147 P. 324 (1915), wherein the Court stated in the third syllabus: "It is competent for the Legislature to fix a date in the future upon which the act shall become effective, provided that said date is not less than ninety (90) days from the date of adjournment; and in cases where an emergency is declared to exist, they may be made effective from and after their passage and approval, . . ." makes it clear that Section 3 of Senate Bill 62 takes effect from and after the effective date of passage and approval. This position is further affirmed in that the Legislature did not set a future date or otherwise direct that the bill should become effective other than immediately. With respect to the effective date of salary increase as provided in Senate Bill 62, Article XXIII, Section 10, of the Oklahoma Constitution provides: "Except wherein otherwise provided in this Constitution, in no case shall the salary or emoluments of any public official be changed after his election or appointment, or during his term of office, unless by operation of law enacted prior to such election or appointment; nor shall the term of any public official be extended beyond the period for which he was elected or appointed. Provided: That all officers within this State shall continue to perform the duties of their offices until their successors shall be duly qualified." The case law interpreting the above quoted section makes it clear that the salary or emoluments of any public official cannot be changed after his election or appointment or during his term of office, unless the Constitution excepts the particular officer from the provisions of this section. Bass v. Board of Commissioners of Lincoln County, 97 Okl. 94, 222 P. 995
(1924). Article VI, Section 10, of the Oklahoma Constitution, creating the Pardon and Parole Board states in part: ". . . The appointed members shall hold their office coterminous with that of the Governor . . ." It is, therefore, clear that while the act may take immediate effect, the salary increase pertaining to the chairman and other members may not be effective until the end of said term of the Governor as provided by Article XXIII, 10, of the Constitution. With respect to your second question, Section 4 of Senate Bill 62 states: "The sum of Twenty Thousand Dollars ($20,000.00) of the appropriation made by Section 1 of this act shall be used to employ two (2) professional interviewers who shall have the minimum qualification of a Probation and Parole Officer and shall be in the same compensation range. Said interviewers to be located at the State Penitentiary at McAlester and the State Reformatory at Granite. Any sums remaining after the payment of personal services may be used for authorized travel or supplies." From this language it is clear that the Legislature has limited the compensation of said interviewers to a total maximum of Twenty Thousand Dollars ($20,000.00) and that should the combined salaries total less than that sum, as determined by the Pardon and Parole Board, the remaining funds would be used as provided by statute for authorized travel or supplies. It is, therefore, the opinion of the Attorney General that your questions should be answered as follows: Question one should be answered in the negative in that Article XXIII, Section 10 of the Oklahoma Constitution provides that the salary of any public official may not be changed during his term in office unless otherwise provided. With respect to your second question, the Pardon and Parole Board is limited to a maximum combined salary of Twenty Thousand Dollars ($20,000.00) for the employment of two professional interviewers. (Donald B. Nevard)