Dear Commissioner Reneau,
¶ 0 This office has received your letter asking for an official Opinion addressing, in effect, the following question:
 May the Commissioner of Labor, an executive branch officer pursuant to Article VI, § 1(A) of the Oklahoma Constitution, receive an increase in salary during her term of office when the salary of the Commissioner is that received by a special judge and the salary of special judges is raised pursuant to a law enacted after the term of the Commissioner commenced?
¶ 1 The salary of the Commissioner of Labor is established pursuant to 74 O.S. Supp. 1996, § 250.4[74-250.4] which states in part:
 Pursuant to provisions of the Constitution of the State of Oklahoma from and after the beginning date of a term of office which commences in, or after, January, 1995, the following officers of the State of Oklahoma shall be annually compensated for their services, payable monthly, as follows:
. . . .
 9. The Commissioner of Labor shall receive a salary equal to the salary received by a special judge.[1]
74 O.S. Supp. 1996, § 250.4[74-250.4].
¶ 2 At all times relevant hereto, the salary of a special judge, the benchmark by which the salary of the Commissioner of Labor is set, has been established through the annual appropriation process. In 1994, the salary of a special judge was set for the period beginning January 1, 1995, in an amount not to exceed $58,000. 1994 Okla. Sess. Laws ch. 264, § 13. In 1995, the $58,000 salary was continued until the fiscal year ending June 30, 1996. 1995 Okla. Sess. Laws ch. 233, § 8. In 1996, the Legislature established the salary of a special judge at $58,000 for the period July 1, 1996 to December 31, 1996. 1996 Okla. Sess. Laws ch. 263, § 7. Beginning January 1, 1997, the annual compensation of a special judge was established at an amount not to exceed $64,000. Id. § 9.[2]
¶ 3 There are three constitutional provisions which affect the applicability of salary increases for non-judicial public officials. Article VI, § 34 of the Oklahoma Constitution places restrictions on salary adjustments of executive officers. Executive officers are enumerated in Article VI which states:
 The Executive authority of the state shall be vested in a Governor, Lieutenant Governor, Secretary of State, State Auditor and Inspector, Attorney General, State Treasurer, Superintendent of Public Instruction, Commissioner of Labor, Commissioner of Insurance and other officers provided by law and this Constitution. . . .
Okla. Const. art. VI, § 1(A) (emphasis added).
¶ 4 As an executive officer, the Commissioner of Labor is subject to the provisions of Article VI, § 34 which provides:
 Each of the officers in this article named shall, at stated times, during his continuance in office, receive for his services a compensation, which shall not be increased or diminished during the term for which he shall have been elected; nor shall he receive to his use, and fees, costs, or perquisites of office or other compensation.
Okla. Const. art. VI, § 34 (emphasis added).
¶ 5 In addition to Article VI, § 34, the provisions of ArticleXXIII, § 10 of the Oklahoma Constitution prohibit changes in salary of any public official after election or appointment to public office, or during the term of office, unless the salary change was authorized by a law passed before the term of office began. Article XXIII, § 10 provides:
 Except wherein otherwise provided in this Constitution, in no case shall the salary or emoluments of any public official be changed after his election or appointment, or during his term of office, unless by operation of law enacted prior to such election or appointment. . . .
Okla. Const. art. XXIII, § 10.
¶ 6 The Oklahoma Supreme Court has reviewed a situation in which public officials sought a pay increase based on a statute fixing a salary which became effective after the date they assumed office. The Court held that the officials were not entitled to the pay increase because to activate the raise they must have the benefit of a statute enacted after their election.
¶ 7 In Barton v. Derryberry, 500 P.2d 281 (Okla. 1972), the plaintiffs were district attorneys in counties having a population of less than 50,000 people. In 1970, the Legislature adopted a salary schedule for district attorneys which became effective on April 27, 1970. As to district attorneys in counties having a population of less than 50,000, the salary was to be an amount equal to the highest paid associate district judge in his district. The plaintiffs were elected after April 27, 1970, and assumed their offices in January, 1971. After plaintiffs had assumed the duties of their offices, the Legislature increased the salary of associate district judges. Plaintiffs contended that they were entitled to the salary increase. The Court held that:
 [T]he salary of an officer may be increased after his election or during his term of office where the law which operates to increase the salary was enacted prior to his election.
Barton, 500 P.2d at 282 (emphasis added).
¶ 8 The Court found that the 1971 statute which raised the salary of associate district judges was not a law enacted and operative prior to the election of plaintiffs. The Court made the following observation and holding:
 In the instant case plaintiffs say they are relying upon a statute enacted in 1970, prior to their election to office. But if there is to be a salary raise for them they must have the benefit of the statute enacted in 1971, after their election to office, in order to activate a salary increase. This may not be done under Art. 23, § 10 Okl. Const., supra.
Id. at 283 (emphasis added).
¶ 9 Section 250.4 of Title 74 was amended in May of 1994 to, among other items, set the salary of the Commissioner of Labor at that of a special judge.
¶ 10 The Commissioner of Labor's term began in January, 1995. The law increasing the pay of special judges, the benchmark by which the pay of the Commissioner is set, was enacted in 1996.
¶ 11 As was true for the district attorneys in Barton, the Commissioner of Labor may not receive a salary increase due to a statute enacted after her term began. To accept such a raise directly contravenes Article XXIII, § 10 and Article VI, § 34 of the Oklahoma Constitution.
¶ 12 It is, therefore, the official Opinion of the AttorneyGeneral that:
 1. Article VI, § 1(A) of the Oklahoma Constitution establishes that the Commissioner of Labor is an executive branch officer and therefore may not receive an increase in pay during his/her term of office pursuant to Article VI, § 34 and Article XXIII, § 10 of the Oklahoma Constitution.
 2. When the salary of the Commissioner of Labor, an executive officer pursuant to Article VI, § 1(A) of the Oklahoma Constitution, is that received by a special judge and the salary of special judges is increased pursuant to a law enacted after the term of the Commissioner commenced, the Commissioner is precluded by Article VI, § 34 and Article XXIII, § 10 of the Oklahoma Constitution from receiving the increase in pay.
 W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
 DOUGLAS F. PRICE ASSISTANT ATTORNEY GENERAL
[1] In 1994, Section 250.4 was amended to provide that the Labor Commissioner receive the salary of a special judge. Prior to the amendment the Commissioner's annual compensation was $37,500.
[2] Unlike other public officials the salaries of judges may be increased during their term of office. Specifically, Article VII, § 11(a) provides:
 Judges and Supreme Court Justices shall receive for their services salaries provided by statute. The salaries of Judges and Justices shall not be diminished, but may be increased during their respective terms of office.