Dear Senator Herbert,
¶ 0 This office has received your request for an official Attorney General Opinion in which you ask, in effect, the following question:
 When the new terms of office begin in January, 2001, and thereafter, must all elected county officers within the same county be paid the same salary?
¶ 1 The Salaries and Compensation Act (the "Salary Act"), 19O.S. 1991, and Supp. 2000, §§ 180.43-180.90, is the general law applicable to salaries of county officers, their assistants, deputies, or other employees. Sections 180.62(A) and180.74(A) of the Salary Act require that all county officer[1] basic salaries be computed by formulas set forth therein. In 1998, the Legislature amended the Salary Act. Sections 180.62 and 180.74 providing for basic salaries were amended to establish new basic salary ranges. The basic salary is calculated based on the net valuation of all taxable property within the county. For example, in a county having a valuation of more than Eighty Million Dollars ($80,000,000), but not more than Three Hundred Million Dollars ($300,000,000) the basic salary shall not be less than Twenty-Four Thousand Five Hundred Dollars ($24,500), or more than Forty-Four Thousand Five Hundred Dollars ($44,500). See 19 O.S. Supp. 2000, § 180.62[19-180.62](A)(3). Prior to the amendment, in such a county the salary could "not exceed Twenty-Four Thousand Five Hundred Dollars ($24,500)." Id. The effect of the 1998 amendment was to provide an opportunity for basic salaries to be set within a range having as its base the former ceiling.
¶ 2 Left unchanged by the 1998 amendments were the provisions of the law which provide for increases to basic salaries based on net valuation, serviceability, population or service load. See19 O.S. Supp. 2000, §§ 180.63[19-180.63], 180.75. At the time of the 1998 amendments, some county officers were in the middle of their terms. Starting in January 2001, all county officers will have taken office after the effective date of the 1998 amendments. The importance of this becomes apparent when one reviews the historical and constitutional background.
 Historical/Constitutional Background
¶ 3 The salaries of county officials are subject to the restrictions of Article XXIII, § 10 of the Oklahoma Constitution. Article XXIII, § 10 prohibits changes in salary of any public official after election or appointment to public office, or during a term of office, unless the salary change was authorized by law passed before the term of office began:
 Except wherein otherwise provided in this Constitution, in no case shall the salary or emoluments of any public official be changed after his election or appointment, or during his term of office, unless by operation of law enacted prior to such election or appointment[.]
Id. (emphasis added).
¶ 4 In Barton v. Derryberry, 500 P.2d 281 (Okla. 1972), the Oklahoma Supreme Court found that district attorneys who were elected and assumed office prior to legislation which increased the salary of associate district judges (upon which the district attorneys' salaries were based) were not entitled to a writ of mandamus requiring implementation of the salary increase:
 We have held that the "unless" phrase referred to above permits a difference in a public officer's salary during his term resulting from the operation of a statute enacted before his election. Thus the salary of an officer may be increased after his election or during his term of office where the law which operates to increase the salary was enacted prior to his election.
Id. at 282.
¶ 5 The Court thus concluded the "unless" phrase only allows salary increases when the law authorizing said increases was enacted and became effective prior to the election of the official.
¶ 6 On January 11, 1999, the County Commissioners of Oklahoma County filed a Declaratory Judgment action testing the validity of mid-term pay raises available pursuant to the 1998 legislation in light of Article XXIII, § 10 of the Constitution. In that case, Presley v. Board of County Commissioners, 981 P.2d 309
(Okla. 1999), the Supreme Court held that equal protection guarantees are not violated by a system that differentiates for salary purposes between recently elected officials and those completing terms of office:
 The statute and the constitutional provision permit varying a public officer's salary during a term if the change results from the operation of a statute enacted before the officer's election, i.e. elected officials salaries may be increased after an election or during a term of office if the law that alters the salary is enacted prior to the date of election.
Id. at 312 (emphasis added).
¶ 7 The Presley case largely adopted the reasoning found inState ex rel. Edmondson v. Oklahoma Corporation Commission,971 P.2d 868 (Okla. 1998) in which the State Supreme Court held that the Legislature lacked the authority to amend Article IX, § 18a of the Constitution to grant corporation commissioners pay increases during their terms of office. The Edmondson case states in relevant part:
 In Barton v. Derryberry, 500 P.2d 281, 282 (Okla. 1972), we referred to cases in which we have held that the "unless" phrase of Article 23, § 10 permits a difference in a public officer's salary during his term resulting from the operation of a statute enacted before his election. Thus, we said, the salary of an officer may be increased after his election or during his term of office where the law that operates to increase the salary was enacted prior to his election.
Id. at 872 (emphasis added).
¶ 8 In a case involving a salary supplement available to district attorneys, State ex rel. Macy v. Board of CountyCommissioners, 986 P.2d 1130 (Okla. 1999), the Court held in relevant part:
 The DA urges that commissioners' act of refusal to approve payment of the budgeted salary supplement for the remainder of the fiscal year constitutes an unconstitutional attempt to alter the salary of an elected official during his term of office. We reject the tendered notion as contrary to law.
. . .
 The statute authorizing the county to supplement the DA's state salary was enacted in 1990. It clearly contemplates salary supplement that is subject to change by the fiscal-year budgetary process. The statute's terms provide that the county "may" supplement the DA's salary based on the statutory formula. Macy's term of office (that is pertinent to this litigation) began in January 1995. Because the statutory scheme allowing county supplement was enacted well before Macy's term of office had begun, any increase (or decrease) in salary supplement, which is brought about by the county budgetary process, would stand unaffected by the restrictions imposed by Art. 23 § 10.
Id. at 1139-40 (emphasis added) (citation omitted).
¶ 9 The teaching of the above cases is that the salary of an officer may be increased during a term of office, only if the law under which the increase occurs was enacted prior to the election of the officer.
¶ 10 In 1998, the Legislature amended 19 O.S. Supp. 1993, §§180.74[19-180.74] and 180.62 by the passage of H.B. 2968. Effective November 1, 1998, the statutes provide for basic salaries for county officers and a formula for future increases and decreases. H.B. 2968 was signed into law and became effective November 1, 1998. Thus, any salary increase based on the provision of this bill is legal pursuant to Article XXIII, § 10 as long as the county officer's term begins after November 1, 1998. Beginning January 2001, all officers' terms will have begun after the effective date of H.B. 2968.
 Salary Equality
¶ 11 You ask whether the Salary Act mandates that all elected county officers within the same county be paid the same salary. The general purpose of the Salary Act can be found at Section 180.67[2] of Title 19.
 It is hereby declared to be the intent of the Legislature that this act shall be the comprehensive salary code for all counties of the state and no county officer . . . their assistants, deputies, or other employees by whatever title designated, shall receive any salary or wages except as provided in this act.
Id.
¶ 12 There is no provision in the Salary Act which specifically allows differences in salaries among officers. You ask, in effect, whether when setting salaries county commissioners may differentiate among officers. For example, would it be permissible to pay the county treasurer and the county assessor, in the same county, differing amounts?
¶ 13 While Presley allows county officers to be paid different salaries within the same county, the reasoning of that case is based solely on Article XXIII, § 10 of the Oklahoma Constitution. Under Presley county officers can be paid different salaries if the differential is based on when their term of office began. Presley is limited to the narrow Article XXIII, § 10 question.
¶ 14 Presley held that Article XXIII, § 10 did not violate the equal protection and due process clauses of the U.S. Constitution because the salary structure bears a rational relationship to the legitimate aim of preventing officers in their current term from using their influence and position to enact a salary statute and then benefitting from the passage of the statute during the same term of office. No such legitimate aim is present in the current situation where all the officers' salaries will be based on the statute as amended in 1998 (which was enacted prior to all current terms of office).
¶ 15 Presley did not address whether the Salary Act requires that all officers within the same class receive the same compensation. Presley overruled Kirk v. Board of CountyCommissioners, 595 P.2d 1334 (Okla. 1979), which had required equity of pay, on constitutional grounds, for elected county officials. Although the constitutional basis on which Kirk was decided was overruled in Presley, the Kirk court did make some relevant observations about county officers:
 In this case we are dealing with one class, elected county officials, which comprise a group of individuals so interrelated that to differentiate that some shall receive salary increases in 1979, and the balance in 1981, makes a distinction within that class.
Kirk, 595 P.2d at 1336.
¶ 16 The court recognized that elected county officers are all within one class. The Salary Act continues to classify county officers within one class. Likewise, the 1998 amendments providing for raises to basic salaries did not change in any way the classification of county officers.
¶ 17 The cardinal rule of statutory construction is to ascertain and give effect to legislative intent. Legislative intent may be ascertained from the language in the title of an Act. See Naylor v. Petuskey, 834 P.2d 439, 441 (Okla. 1992). As stated above, the basic salary provisions of the Salary Act was amended in 1998. The title of the Act amending these provisions provided in pertinent part:
 An act relating to counties and county officers; . . . which relate to county officer basic salaries and minimum salaries; increasing basic salary of county officers; establishing increase to minimum salaries; deleting reference to safety director or coordinator and salary exemption; deleting language limiting appropriations and expenditures by counties for salaries and wages of certain persons and requiring reductions in salaries and wages under certain circumstances; authorizing certain salary for safety director or coordinator in certain counties; and providing an effective date.
1998 Okla. Sess. Laws ch. 195.
¶ 18 The language of the Title, "increasing basic salary of county officers," supports the conclusion that the Legislature intended to increase the salary of county officers. The term "salary" is used in its singular form indicating there is only one salary for the group. There is no indication of an intent to provide for differences in salaries among elected officers within the same statutory classification.
¶ 19 Regardless of whether a county has adopted an exemption of personal property from ad valorem tax, the provisions regarding basic salaries and increases to basic salaries contain the same operative language. The basic salary statutes[3] contain the language: "[T]he basic salary of each of the county officers . . . shall not be less than." 19 O.S. Supp. 2000, §§180.62[19-180.62](A)(5), 180.74(A)(5). The increase to basic salary provisions[4] uses the language: "[T]he salary of all
county officers . . . may be increased from the applicable basic salary . . . according to the following scale." Id. §§ 180.63, 180.75(A).
¶ 20 As stated above, the Salary Act is intended to be a "comprehensive salary code for all counties of the state." 19O.S. Supp. 2000, §§ 180.67[19-180.67], 180.82. Nothing in the Salary Act which indicates an intent on the part of the Legislature to allow for pay differentials among county officers in a particular class. When read in the context of the general directive that the Salary Act is comprehensive and the fact that the Legislature has provided for the classification of officers and a mathematical formula for compensation, the salary under the provisions of the Salary Act is intended to apply to each county officer within a county.
¶ 21 It is, therefore, the official Opinion of the AttorneyGeneral that:
 When the new terms of office begin in January, 2001 the Salaries and Compensation Act (see 19 O.S. 1991 and Supp. 2000, §§ 180.43-180.90) requires that all elected county officers within the same county must be paid the same salary.
 W.A. DREW EDMONDSON Attorney General of Oklahoma
 DOUGLAS F. PRICE Assistant Attorney General
[1] County officers are those listed in 19 O.S. Supp. 2000, §180.61[19-180.61](1) (for counties not approving certain ad valorem exemptions) and Section 180.73(1) (for counties approving certain ad valorem exemptions). The list is the same for each section:
 1. [C]ounty sheriff, the county treasurer, the county clerk, the court clerk, the county assessor, and the members of the board of county commissioners[.]
[2] For counties adopting property tax exemptions for household goods of the heads of families and livestock, Section 180.82 of Title 19 makes the same statement of legislative intent.
[3] 19 O.S. Supp. 1999, § 180.62 applies to counties not approving ad valorem exemptions and Section 180.74 applies to counties approving ad valorem exemptions.
[4] 19 O.S. Supp. 1999, § 180.63[19-180.63] applies to counties not adopting the ad valorem tax exemptions and 19 O.S., § 180.75 applies to counties adopting the ad valorem tax exemption.