Dear Ms. Redman:
This office has received your request for an official Attorney General Opinion in which you ask, in effect, the following question:
 Where county officials presently receive a salary at or above the minimum salary authorized for them by law pursuant to 19 O.S. 2001, §§ 180.62[19-180.62] — 180.63, may county commissioners of that county institute a discretionary pay raise within the range provided in those statutes for county officials during their term without violating Article XXIII, Section 10 of the Oklahoma Constitution?
The Oklahoma Constitution, Article XXIII, Section 10 in pertinent part provides:
 Except wherein otherwise provided in this Constitution, in no case shall the salary or emoluments of any public official be changed after his election or appointment, or during his term of office, unless by operation of law enacted prior to such election or appointment[.]
Id. Your question pertains to whether and under what circumstances, if any, the salaries of county officials[1] may be increased during their terms of office when the beginning salaries are already within the statutory range. *Page 2 
 BACKGROUND
Oklahoma has enacted statutes, 19 O.S. 2001 Supp. 2009, §§ 180.58 — 180.68, 180.71 — 180.83 ("Salary Act") to establish "salaries and wages of county officers . . . by general law applicable throughout the state under a uniform schedule fixing such salaries and wages and future increases and reductions thereof" based on several factors bearing on the amounts of services required of the officials and available revenues. 19 O.S. 2001, § 180.58[19-180.58](B); see also 19 O.S. 2001, § 180.71[19-180.71](B).
The question presented is whether county commissioners may properly increase the basic salary of county officials (including their own) during their term under the Salary Act, or supplement the basic salary under this Act, without violating OKLA. CONST. art. XXIII, § 10.
In 1959, the Legislature first adopted Section 180.62 in Title 19, establishing a basic salary for county commissioners and other elected county officials. See 1959 Okla. Sess. Laws p. 96, § 5. In 2000, the Legislature last amended Section 180.62, establishing a basic salary for county commissioners and other elected county officials in counties that have not approved an exemption for certain household personal property under OKLA. CONST. art. X, § 6, based on the net valuation of tangible taxable property. See 2000 Okla. Sess. Laws ch. 133, § 1. Also in 2000, the Legislature amended Section 180.74 for counties in which the exemption for personal property has been approved.[2] See 2000 Okla. Sess. Laws ch. 133, § 2. *Page 3 
The current version of the "basic salary" statute, Section 180.62, provides as follows:
 A. The basic salaries of county officers upon which all salaries and future increases or decreases thereof shall be computed, shall be as follows:
 1. In every county having a net valuation of all tangible taxable property, as defined in Sections 180.58 and 180.59 of this title, of Forty Million Dollars ($40,000,000.00) or less, the basic salary of each of the county officers named in paragraph 1 of Section 180.61 of this title shall not be less than Nineteen Thousand Dollars ($19,000.00) per annum nor shall it exceed Thirty-nine Thousand Dollars ($39,000.00) per annum;
 2. In every county having a net valuation of all tangible taxable property, as defined in Sections 180.58 and 180.59 of this title, of more than Forty Million Dollars ($40,000,000.00) but not more than Eighty Million Dollars ($80,000,000.00), the basic salary of each of the county officers named in paragraph 1 of Section 180.61 of this title shall not be less than Twenty-two Thousand Five Hundred Dollars ($22,500.00) per annum nor shall it exceed Forty-two Thousand Five Hundred Dollars ($42,500.00) per annum;
 3. In every county having a net valuation of all tangible taxable property, as defined in Sections 180.58 and 180.59 of this title, of more than Eighty Million Dollars ($80,000,000.00) but not more than Three Hundred Million Dollars ($300,000,000.00), the basic salary of each of the county officers named in paragraph 1 of Section 180.61 of this title shall not be less than Twenty-four Thousand Five Hundred Dollars ($24,500.00) per annum nor shall it exceed Forty-four Thousand Five Hundred Dollars ($44,500.00) per annum;
 4. In every county having a net valuation of all tangible taxable property, as defined in Sections 180.58 and 180.59 of this title, of more than Three Hundred Million Dollars ($300,000,000.00) but not more than *Page 4 
Six Hundred Million Dollars ($600,000,000.00), the basic salary of each of the county officers named in paragraph 1 of Section 180.61 of this title shall not be less than Twenty-two Thousand Five Hundred Dollars ($22,500.00) per annum nor shall it exceed Forty-two Thousand Five Hundred Dollars ($42,500.00) per annum; and
 5. In every county having a net valuation of all tangible taxable property, as defined in Sections 180.58 and 180.59 of this title, of more than Six Hundred Million Dollars ($600,000,000.00), the basic salary of each of the county officers named in paragraph 1 of Section 180.61 of this title shall not be less than Nineteen Thousand Dollars ($19,000.00) per annum nor shall it exceed Thirty-nine Thousand Dollars ($39,000.00) per annum.
 B. The board of county commissioners shall set the salaries for all elected county officials within the limits allowed by law.
 C. The annual salaries fixed by this act shall be paid either monthly or twice a month, by order of the board of county commissioners, for each month or fraction thereof the incumbent lawfully occupies and holds title to such office.
Id. A similar statute for "personal property tax exemption" counties is found at 19 O.S. 2001, § 180.74[19-180.74]. The statute allowing supplements to basic salary is Section 180.63, which provides:
 In every county in this state, the salary of all county officers named in paragraph 1 of Section 180.61 of this title may be increased from the applicable basic salary named in Section 180.62 of this title, for net valuation or serviceability, according to the following scale:
 A. To the basic salary:
 1. Add the product of One Hundred Dollars ($100.00) times each One Million Dollars ($1,000,000.00) net valuation, or major fraction thereof until a net valuation of Seventy-five Million Dollars ($75,000,000.00) is reached;
 2. Thereafter add the product of One Hundred Dollars ($100.00) times each additional Five Million Dollars ($5,000,000.00) net valuation, or major fraction thereof until a net valuation of Five Hundred Million Dollars ($500,000,000.00) is reached; *Page 5 
 3. Thereafter add the product of One Hundred Twenty-five Dollars ($125.00) times each additional Seven Million Dollars ($7,000,000.00) net valuation, or major fraction thereof until a net valuation of Two Billion Dollars ($2,000,000,000.00) is reached;
 4. Thereafter as to all additional net valuation add the product of One Hundred Twenty-five Dollars ($125.00) times each additional Twenty Million Dollars ($20,000,000.00) net valuation, or major fraction thereof.
 B. And also the salary of each county officer shall be additionally increased from the basic salary named in Section 180.62 of this title, and the additions thereto heretofore provided in this section, for population or service load according to the following scale:
 1. The product of Twelve Dollars and fifty cents ( $12.50) times each one thousand (1,000) population, or major fraction thereof until a population of seventy-five thousand (75,000) is reached; thereafter
 2. The product of Twelve Dollars and fifty cents ( $12.50) times each additional five thousand (5,000) population, or major fraction thereof until a population of one hundred fifty thousand (150,000) is reached; thereafter add
 3. The product of Twelve Dollars and fifty cents ( $12.50) times each additional ten thousand (10,000) population, or major fraction thereof.
 C. This section shall not reduce the present salary of any county officer in Oklahoma during their present term of office.
Id. (emphasis added). A similar statute for "personal property tax exemption" counties is found at 19 O.S. 2001, § 180.75[19-180.75]. We believe the Salary Act's relevant provisions must be carefully applied in light of the prohibitions in the Constitution against increases of salary or emoluments of public officials during their terms.
 I. CONSTITUTIONAL RESTRICTIONS ON SALARY INCREASES
As previously noted, OKLA. CONST. art. XXIII, § 10, provides, "[e]xcept wherein otherwise provided in this Constitution, in no case shall the salary or emoluments of any public official be changed after his election or appointment, or during his term of office, unless byoperation of law enacted prior to such election or appointment[.]" Id.
(emphasis added). A reasoned analysis of the "except wherein *Page 6 
otherwise provided in this Constitution" clause shows it refers to such provisions as Article VII, Section 11(a) of the Constitution, which expressly allows the salaries of judges and justices to be increased during their respective terms of office.[3] There is no such constitutional exception for the salaries of county officials.
The word "during" is not defined in the Constitution or in judicial authority of which we are aware, but a common definition of "during" is "throughout the entire time of" or "at some point in the entire time of." WEBSTER'S NEW WORLD DICTIONARY 234 (2d ed. 1978). This definition is applicable. See City of Durant v. Cicio, 50 P.3d 218, 220 (Okla. 2002) ("Courts will give the words of a statute a plain and ordinary meaning, unless a contrary intention plainly appears."). Thus, under Article XXIII, Section 10, at no point throughout the entire term of a public officer, beginning with the point of election, may his or her basic salary be changed unless by operation of law enacted prior to such election or appointment.
Proper interpretation of the phrase "unless by operation of law enacted prior to such election or appointment" is critical, as it controls when and to what extent the salary of a public official may be changed during his or her term. Because the phrase is not defined in Article XXIII, Section 10, or in other provisions of the Constitution or statutes, we must look to other definitions.Black's Law Dictionary defines "operation of law" as follows:
 This term expresses the manner in which rights, and sometimes liabilities, devolve upon a person by the mere application to the particular transaction of the established rules of law, without the act or co-operation of the party himself.
Id. at 1243 (4th ed. 1968).
In conformance with the definition in Black's Law Dictionary, a county official is precluded by the Constitution from taking action to increase his or her own salary during the current term, thereby "feathering his or her nest," since the definition of "by operation of law" means that the increase must occur "by the mere application to the particular transaction of the established rules of law, without the act orco-operation of the party himself." Id. (emphasis added).
The correctness of this approach is bolstered by the court's explanation in State ex rel. Edmondson v. Oklahoma CorporationCommission, 971 P.2d 868, 869-70, 872 (Okla. 1998), of the reason for the constitutional prohibition: *Page 7 
 The purpose of constitutional provisions prohibiting changes in the compensation of a public official during the current term of office has been described as intended to establish definiteness and certainty as to the salary pertaining to the office, and to take from public bodies the power to make gratuitous compensation to such officers in addition to that established by law. . . . to establish the complete independence of the three branches of government. . . . [and] to prevent office holders from using their influence and position to secure salary increases after they have been elected.
Id. at 871 (emphasis added) (citations omitted). Accord Presley v. Bd. ofCounty Comm'rs, 981 P.2d 309, 313 (Okla. 1999); Edwards v. Carter,29 P.2d 610, 611 (Okla. 1934); see Annotation, Operation of StatuteFixing Public Officer's Salary on Basis of Population of the Valuation ofthe Taxable Property, as Contravening a Constitutional Provision That theSalary of a Public Officer Shall Not Be Increased or Diminished DuringHis Term, 139 A.L.R. FED. 737 (2010). Edwards stated:
 This wholesome provision of our Constitution was placed therein with a dual purpose; one, as a pledge to the public officers that they would be compensated in a fixed sum during their term of office; the other, as a protection to the people in preventing the increasing of the salaries of public officers through enthusiastic waves of popular approval of some public official, thereby encouraging such public official to disregard his public duties in order to win popular acclaim and in order to increase the salary or emoluments of his office.
Id. Thus, the phrase "by operation of law" in Article XXIII, Section 10, means not only that the statute on which the salary increase depends must be applied to the particular transaction through established rules of law, but also requires that the official affected by the raise cannot personally cooperate in the action, for instance, by voting to apply a salary increase statute to all county officials, which include himself or herself, while such official is an incumbent.
The court in Barton v. Derryberry, 500 P.2d 281 (Okla. 1972), addressed a situation that sheds light on the phrase "prior to." In 1970, the salaries of district attorneys, who were at that time paid by the State Attorney General, were governed by a statute that provided a district attorney should receive the same salary as the highest-paid associate district judge in his or her district. Id. at 282. In 1971, after
district attorneys had been elected and taken office, the Legislature increased the salaries of associate district judges. Id. The district attorneys brought an original mandamus action in the Supreme Court to require the Attorney General to pay the higher salaries. Id. The court denied the application, holding that under Article XXIII, Section 10, the district attorneys could not rely on a law enacted after their election for an increase in salary. Id. at 283.
Barton relied on an earlier case, Bass v. Board of Commissioners,222 P. 995 (Okla. 1924), which held that where the salary of a county superintendent of public instruction was fixed by a 1913 law, and after the county superintendent was elected but before he took office in 1919, the Legislature amended the 1913 salary act to make the county superintendent's salary the same as that of the *Page 8 
county clerk in that county, thereby allowing an increase in pay. The county superintendent came within the prohibition of Article XXIII, Section 10 and could not lawfully receive the higher amount. Id. at 996.Bass stated:
 The plaintiff in this case is seeking to claim the benefit of a legislative act passed after his election, increasing the basis for calculating his salary on the population of the county. The plaintiff cannot claim the benefits of the legislative act of 1919 changing the basis for computation according to the population of the county, as it could not be said that the salary was the result of a legislative enactment prior to his election. We are of the opinion that the 1913 Session Laws fixed the salary for the plaintiff during his term of office commencing on the first Monday in July, 1919.
Id. Essentially, both Barton and Bass took an approach similar to the definition in Black's Law Dictionary, i.e., that the law applicable to the situation was the law in effect before the official was elected. That is, a statute passed after the official's election could not operate to confer a benefit on him or her under the constitutional restriction.
We conclude that if a county official is to enjoy the benefit of an increase in salary during his or her term it must be by virtue of a statute enacted prior to his or her election, and the law must operate during his or her term without any personal involvement on his or her part. If the salary of a county commissioner is to be increased along with salaries of other elected county officials and their deputies and employees, the action to authorize and implement the increase must have been taken by a board of county commissioners sitting before the election of such officials.
 II. PROPER APPLICATION OF THE SALARY ACT UNDER THECONSTITUTION
The provisions of 19 O.S. 2001, §§ 180.62[19-180.62] and 180.63 have already been set out at length. We now analyze how these statutes, and other statutes within the Salary Act, must be applied in order to conform with the Constitution's requirements.
A. BASIC SALARIES UNDER SECTION 180.62
By the terms of Section 180.62(B), in counties not adopting a personal property exemption under OKLA. CONST. art. X, § 6, the basic salaries of county officials, their deputies and employees, (including the county commissioners) are set by the board of county commissioners. A similar provision appears in the Salary Act at 19 O.S. 2001, § 180.74[19-180.74](B), for counties that have adopted a personal property exemption. In each, boards of county commissioners set these salaries regardless of whether a county is a so-called "budget board" county under 19 O.S. 2001, §§ 1401-1421[19-1401-1421] ("County Budget Act") or whether the county has elected not to come under the County Budget Act. A. G. Opin. 99-1, at 7. While the method of preparing (and approving) the budget may vary from *Page 9 
county to county, the method by which basic salaries are set, i.e., by the board of county commissioners, is the same. Id.[4]
In your question, you specify that the salaries of county officials are already within the limits specified in Section 180.62. May the county commissioners during their present terms approve an increase in the basic salaries of all county officials, including themselves?
We conclude they cannot, since under Edmondson and Presley, listed above, one of the reasons for the prohibition in Article XXIII, Section 10 is to prevent office holders from using their influence and position to secure salary increases after they have been elected. In other words, if a public official, who stands to receive a basic salary increase (such as a county commissioner under 19 O.S. 2001, § 180.62[19-180.62]), is in a position to vote during his or her present term on whether or not he or she (as well as other county officials and employees) will receive an increase in salary, such action would violate the constitutional prohibition of Article XXIII, Section 10, since under 19 O.S. 2001, § 180.61[19-180.61], a commissioner could not vote to increase the salaries of other county officials without increasing his or her own.
However, if a board of county commissioners had voted to implement a basic salary increase for county officials and employees pursuant to Section 180.62 before the upcoming election, a county commissioner or any county official who was subsequently elected or re-elected would not be prevented from accepting the salary increase. *Page 10 
Further, we see nothing in Section 180.62 or Article XXIII, Section 10 that would prohibit the outgoing board of county commissioners from approving a "stepped" increase to be effective during the term of theirsuccessors, i.e., an increase that would go into effect annually[5] on each July 1 as the net valuation of the tangible taxable property in the county increases from year to year, provided the increased salary would be subject to the approval of the county excise board as part of the budget approval process.
For example, in July of an election year, before the election, a board of county commissioners votes to authorize salary increases for officials taking office in January of the next year under Section 180.62, based on the net taxable property valuation (subject to excise board approval), and annually thereafter if the net taxable valuation continues to increase. We conclude such an increase in basic salary for county officials would be enforceable under Article XXIII, Section 10, as the increase in basic salary of the officials would not result from action taken by them during their current term, but rather by virtue of operation of a law enacted before they took office.
B. SALARY SUPPLEMENTS UNDER SECTION 180.63
Under Section 180.63(A), basic salaries of county officials may be increased in the event of an increase in net county tax valuation, and under Section 180.63(B), basic salaries shall be increased for specified growth in county population. A similar provision in the Salary Act under Section 180.75(A)(1) applies to counties where exemption from personal property taxation has been adopted, except the amount of increase is described in terms of amount of revenue authorized to be collected for county purposes.
Section 180.63(B) furnishes a perfect example of "operation of law enacted prior to such election or appointment" under Article XXIII, Section 10. Since Section 180.63(B) in its present form was enacted in 1993 (see 1993 Okla. Sess. Laws ch. 239, § 9) and the terms of county commissioners (and other county officials) now serving began either in 2006 or 2008 (see 19 O.S. 2001, § 131[19-131]), this law clearly was enacted prior to the election or appointment of any officials now in office. Section 180.63(B) provides the basic salary of county officialsshall be increased depending on increases in county population. The word "shall" in a statute denotes mandatory action, i.e., not discretionary.See Walkingstick v. Bd. of Adjustment, 706 P.2d 899, 903 (Okla. 1985). Thus, the Legislature intended that when the population of a given county increases in a particular year, the basic salary of county officialsshall be increased in accordance with the formula set out in Section 180.63(B). No action by the county commissioners, other than thesubmission of a budget to the excise board that contains the mandatedsalary increase, is necessary. This law, by its own terms, takes effect when the requisite population increase occurs, without any action on the part of the board of county *Page 11 
commissioners (other than submitting it to the excise board with the other parts of the county budget). See Bd. of Comm'rs v. Williams,135 P. 420, 422-23 (Okla. 1913). This, we conclude, is an example of the "operation of law."
In contrast, Section 180.63(A) provides the basic salary may be supplemented, according to a formula related to the growth of net taxable valuation in the county. The word "may" in the context of Section 180.63(A) is permissive, not mandatory. Hess v. Excise Bd., 698 P.2d 930,933 (Okla. 1985). Thus, discretionary action by the county commissioners is required, and is subject to review by the county excise board. Id.
 Hess involved a mandamus proceeding through which county officials sought an order directing the county excise board to grant them the maximum salary increase allowable by the valuation-based formula in Section 180.63(A). The district court directed the board to approve the county officials' request for the maximum salary increase. The excise board appealed, and the Supreme Court reversed the trial court, denying the increase. In Hess, it is unclear whether the county commissioners and other county officials were attempting to obtain a salary increase "during" their term of office by action of the board of county commissioners taken during that term, or whether the action was taken by a board prior to the election of the plaintiff incumbents.
Applying the logic set out in Part I, above, relating to discretionary basic salary increases and the teachings of Edmondson and Presley, an outgoing board of county commissioners might properly approve an increase in salary under Section 180.63(A) for the county officials to be seated according to the results of the next election, but not for themselves during their present term. Since Edmondson and Presley indicate the evil to be avoided is discretionary action by an incumbent to increase his or her salary mid-term, we must construe Article XXIII, Section 10 as prohibiting such increases except where the increases are mandated by a law passed prior to the election or re-election of the incumbent. Thus, the salary last fixed by the board of county commissioners before the election of county officers would be the salary applicable to all such county officials for the next ensuing term.
Whether the necessary conditions allowing an increase in the salary of county officials are met depends on questions of fact, which we cannot address in an Attorney General Opinion. 74 O.S. 2001, § 18b[74-18b](A)(5).
It is, therefore, the official Opinion of the Attorney Generalthat:
 1. Where county officials presently receive a basic salary at or above the minimum salary authorized for them by law pursuant to 19 O.S. 2001, § 180.62[19-180.62], county commissioners of that county may not institute a pay raise for such county officials within the range provided in Section 180.62 during their respective terms without violating the prohibition in Article XXIII, Section 10 of the Oklahoma Constitution. State ex rel. Edmondson v. Okla. Corp. Comm'n, 971 P.2d 868, 869-70, 872 (Okla. 1998); Presley v. Bd. of County Comm'rs, 981 P.2d 309, 313 (Okla. 1999); Barton v. Derryberry, 500 P.2d 281, 282 (Okla. 1972). *Page 12 
 2. Incumbent county commissioners may approve, on either a one-time or a "stepped" basis, salary increases under 19 O.S. 2001, §§ 180.62[19-180.62] and 180.63(A) for their successors or themselves, if re-elected, and other county officials described in 19 O.S. 2001, § 180.61[19-180.61], provided such salary increases (i) are as a result of the operation of a law enacted prior to the election or appointment of such county officials; and (ii) are part of the county budget submitted to the county excise board for approval. OKLA. CONST. art. XXIII, § 10; State ex rel. Macy v. Bd. of County Comm'rs, 986 P.2d 1130, 1137, 1139-40 (Okla. 1999). Whether the conditions necessary for an increase under these statutes are met involve questions of fact that cannot be answered in an Attorney General Opinion. 74 O.S. 2001, § 18b[ 74-18b](A)(5).
 3. The phrase "by operation of law enacted prior to such election or appointment" in OKLA. CONST. art. XXIII, § 10, means that the enactment or action taken by the county official under Section 180.63(A) must occur before the official is elected, re-elected or appointed. Edmondson, 971 P.2d at 871; Edwards v. Carter, 29 P.2d 610, 611 (Okla. 1934); BLACK'S LAW DICTIONARY 1243 (4th ed. 1968).
 4. Salary increases for county officials under 19 O.S. 2001, § 180.63[19-180.63](B) that are based on population increases shall be implemented on each July 1 by the board of county commissioners as population figures become available, since such increases result from the operation of a law enacted prior to the election or appointment of such county officials, provided such salary increases are part of the county budget submitted to the county excise board for approval. OKLA. CONST. art. XXIII, § 10; Hess v. Excise Bd., 698 P.2d 930, 933 (Okla. 1985); Bd. of Comm'rs v. Williams, 135 P. 420, 422-23 (Okla. 1913).
 5. The above principles apply regardless of whether the county has approved a personal property tax exemption under OKLA. CONST. art. X, § 6, or whether the county has elected to come under the provisions of the County Budget Act, 19 O.S. 2001 Supp. 2009, §§ 1401 — 1421. In all these situations, the salaries of county officials are set by the board of county commissioners, subject to the approval of the county excise board. State ex rel. Macy v. Bd. of County Comm'rs, 986 P.2d 1130, 1137, 1139-40 (Okla. 1999); A. G. Opin. 99-1, at 7. *Page 13 
W. A. DREW EDMONDSON ATTORNEY GENERAL of Oklahoma
LYNN C. ROGERS ASSISTANT ATTORNEY GENERAL
[1] For purposes of fixing salaries under the Salary Act, 19 O.S. 2001, § 180.61[19-180.61] groups county officers into two categories:
 1. Enforcement officers or those charged with enforcing the laws relating to public peace and safety: the county sheriff, the county treasurer, the county clerk, the court clerk, the county assessor, and the members of the board of county commissioners; and
 2. Other elective county officers.
Id.
[2] While your original question was asked in the context of a county where an exemption for certain personal property under OKLA. CONST. art.X, § 6 has not been adopted, we believe the answer is independent of the personal property tax exemption issue. As later described in this Opinion, we conclude it does not matter under Article XXIII, Section 10, whether the tax exemption has been approved. Nor does it matter whether the county in question has determined to utilize the County Budget Act, 19 O.S. 2001 Supp. 2009, §§ 1401 — 1421.
[3] See A. G. Opin. 06-26, at 169 n. 2, 176.
[4] In each instance, the county budget (which includes items for salaries of county officials, their deputies and employees) is subject to the approval of the county excise board, although in "budget board" counties, the role of the excise board is somewhat perfunctory. A. G. Opin. 07-6, at 29 — 32. This must be done to maintain an orderly fiscal year budget process and avoid "injecting havoc into the orderly budget process." State ex rel. Macy v. Bd. of County Comm'rs, 986 P.2d 1130, 1137,1139-40 (Okla. 1999).
[5] Title 19 O.S. 2001, § 180.68[19-180.68] requires salary increases of county officers to take effect on July 1 of the fiscal year. *Page 1